IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-95-700-D |
| | ) | |
| | ) | |
| EDWARD L. EVANS, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Before the Court is Petitioner's fourth motion [Doc. No. 85] in which he purports to seek relief pursuant to Fed. R. Civ. P. 60(b). Petitioner initially filed this action as a petition for habeas relief, which was denied in 1996. Thereafter, he unsuccessfully sought authorization from the Tenth Circuit Court of Appeals to file additional petitions for habeas relief. After the denial of those requests, he began filing motions pursuant to Rule 60(b). All of the motions filed by Petitioner relate to his 1990 conviction in the District Court of Oklahoma County on two counts of larceny of a retailer, after prior conviction of two or more felonies; he was sentenced to twenty years on each count, to be served consecutively. Petitioner's prior habeas actions and Rule 60(b) motions have been denied.

Petitioner's current motion is entitled "Fed. Rule 60-B-6-Motion." Rule 60(b) authorizes relief from a judgment or final order upon a motion based on several grounds, which are enumerated in the Rule. Subsection (6) authorizes a court to grant relief from a judgment or order for "any other reason that justifies relief." In the text of his motion, however, Petitioner asserts no argument that has not previously been submitted in his numerous other motions or petitions. Accordingly, he presents no "reason that justifies relief" under Rule 60(b).

As Petitioner is aware, he cannot pursue a successive claim for habeas relief without first obtaining the authorization of the Tenth Circuit Court of Appeals. *See Berryhill v. Evans*, 466 F.3d 934 (10th Cir. 2006). Where a petitioner attempts to seek relief through a Rule 60(b) motion, the District Court must transfer the motion to the Tenth Circuit Court of Appeals to determine if authorization should be granted. *Id.* at 937; *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006).

The arguments Petitioner asserts in the current motion are essentially the same as those raised in two Rule 60(b) motions he filed in 2007. Both motions were construed as seeking habeas relief without prior authorization from the Tenth Circuit, as required by 28 U. S. C. 2244(b)(3), and both were transferred to the Circuit so that it could determine whether such authorization would be granted. *See* Order of March 20, 2007 [Doc. No. 79] and Order of October 23, 2007 [Doc. No. 83]. Authorization was not granted. *See, e.g.,* Tenth Circuit Order of December 13, 2007 [Doc. No. 84].

Pursuant to 28 U. S. C. § 2244(b)(3), the current motion [Doc. No. 85] is transferred to the Tenth Circuit Court of Appeals so that it may determine whether Petitioner should be authorized to file a successive petition for habeas relief. The Clerk is directed to transfer the Motion [Doc. No. 85] for this purpose.

IT IS SO ORDERED this  27th  day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE