IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-95-700-D |
| | ) | |
| | ) | |
| EDWARD L. EVANS, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court is Petitioner's motion for relief pursuant to Fed. R. Civ. P. 60(b) [Doc. No. 111], and an amended motion seeking Rule 60(b) relief [Doc. No. 112]. Petitioner has also filed a submission entitled, "Motion to Show Cause Why Judge Thompson Elected to Adjudicate This Case at Bar Without Any Knowledge of Records" [Doc. No. 102], along with a submission entitled, "Rule 60(B)(3) Motion in Case at Bar Must be Construed as Fraud on the Federal Courts" [Doc. No. 113] and a Motion for Summary Judgment [Doc. No. 114]. For the reasons set forth herein, these submissions are denied.

Petitioner's Rule 60(b) motion and amended motion [Doc. Nos. 111 and 112] are his sixth such motions in this action. On August 16, 2011, the Court entered its Order [Doc. No. 101] denying the fifth Rule 60(b) motion. In that Order, the Court summarized the history of Petitioner's repeated efforts to seek relief from his 1990 conviction, and noted the Tenth Circuit Court of Appeals has repeatedly rejected his efforts. August 16 Order, pp. 2-3. Because both this Court and the Tenth Circuit have previously determined his Rule 60(b) motions are effectively efforts to seek approval to file successive petitions for habeas corpus relief, this Court previously transferred the motions to the Circuit so it could determine if the successive petition would be authorized. August

16 Order [Doc. No. 101] at pp. 2-3. However, the Circuit's September 30, 2008 Order provided additional guidance to this Court with respect to future motions seeking authorization to file successive habeas petitions. *Id.* at p. 3. As a result, in reviewing the fifth Rule 60(b) motion, the Court first examined it to determine if it was in the interest of justice to transfer the motion to the Circuit. *In re: Cline,* 531 F. 3d 1249, 1252 (10th Cir. 2008); *Trujillo v. Williams,* 465 F. 3d 1210, 1223 (10th Cir. 2006). The Court concluded Petitioner asserted no new basis for relief and merely reasserted the arguments previously raised which were rejected by the Tenth Circuit. August 16 Order at p. 4. The Court thus concluded it was not in the interest of justice to transfer the fifth Rule 60(b) motion to the Circuit for consideration. *Id.* at p. 5.

Notwithstanding the previous rejections of his arguments, Petitioner now files a sixth motion seeking Rule 60(b) relief. The Court reviews that motion, construed as a successive habeas petition, to determine whether it is in the interest of justice to transfer it to the Circuit for consideration.

Where the motion "fails on its face to satisfy any of the authorization standards" of 28 U. S. C. § 2225(h), the district court should not transfer the action for authorization but should instead dismiss the matter without prejudice. *Trujillo*, 465 F. 3d at 1223. According to § 2225(h), to authorize the filing of a second or successive habeas petition, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U. S. C. § 2225(h). Petitioner's current motion does not satisfy either of these requirements. He does not identify newly discovered evidence, but repeats arguments previously rejected by the Tenth Circuit on more than one occasion. Nor does he attempt to cite a new rule of constitutional

law made retroactive to his case. Thus, the Circuit would have no basis for certification pursuant to § 2225(h).

When considering whether it is in the interest of justice to transfer an unauthorized successive habeas petition for potential authorization, the Circuit has discussed other factors to be examined by the district court:

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Cline*, 531 F. 3d at 1251 (citing *Trujillo,* 465 F. 3d at 1223 n. 16). In this case, the factors do not favor transfer. The Circuit has previously determined Petitioner's claims lack merit. His arguments in the current motion cannot be asserted in good faith because they have previously been raised by Petitioner and rejected by the Circuit. In addition, the previous rulings by this Court and the Circuit have repeatedly rejected Petitioner's characterization of his contentions as properly asserted under Rule 60(b). Petitioner was aware of these rulings. Thus, he knew that pursuit of a successive habeas petition requires Circuit authorization, and he was also aware this Court lacks jurisdiction to consider a successive petition absent such authorization.

Accordingly, the Court concludes that it is not in the interest of justice, as required by 28 U. S. C. §1631, to transfer the current motion to the Tenth Circuit for consideration. Pursuant to the Tenth Circuit's previous suggestion in its September 30, 2008 Order and its decision in *Cline*, the Court declines to transfer the motion. The motion and amended motion [Doc. Nos. 111 and 112] are dismissed without prejudice. However, Petitioner is cautioned that dismissal without prejudice in this regard does not authorize the filing of a motion repeating the same arguments rejected by this

Court and the Tenth Circuit. If Petitioner files a motion repeating the rejected contentions, that motion will be dismissed upon filing.

Accordingly, the motion and amended motion [Doc. Nos. 111 and 112] are DENIED and DISMISSED. The summary judgment motion [Doc. No. 114] is DENIED as improperly asserted in connection with the Rule 60(b) motion, and the show cause motion [Doc. No. 102] and motion to construe the Rule 60(b)motion as asserting fraud [Doc. No. 113] are DENIED.[1]

IT IS SO ORDERED this 2nd day of November, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] A summary judgment motion is properly asserted in a civil action in which the moving party contends the undisputed material facts entitle it to judgment as a matter of law. Fed. R. Civ. P. 56(a). This is not an action in which summary judgment is properly sought. Even if Petitioner were authorized to successively seek habeas relief, disputed facts would have to be resolved. The show cause motion has no basis in fact or law; rather than a motion, it is an attempt to present evidence which Petitioner apparently believes supports his habeas relief efforts, and the arguments he asserts have previously been rejected.